Alexander Del Gtorno, J.
This is a retrial of a claim by the New Rochelle Water Company, a private water company, for the appropriation of certain private easements, franchises, water mains, hydrants, branch lines, valves, blow-offs and appurtenances, by the State of New York for the purpose of construction of the New York-New England section of the *429 Thruway, all located in the City of New Rochelle and in the Villages of Ardsley and Pelham Manor, Westchester County.
On the first trial (14 Misc 2d 807) this court held that the proper measure of damages was original cost less depreciation. Although the court sought to have evidence introduced by claimant as to the cost of the original investment, no such evidence was introduced; furthermore, the Attorney-General, contending that the loss to claimant was nominal, failed to introduce any such evidence or any other evidence of valuation. In the absence of such evidence, the court found that the damages to claimant amounted to the sum of $12,500, which sum included the sum of $4,356.38 for facilities not replaced, which was part of the subject of the second cause of action, based upon an original agreement and a first and second supplemental agreement between the State and claimant.
In its decision, the court pointed out that if claimant considered such award inadequate, in that it did not represent the amount of the original investment less depreciation, it might have requested and would have been granted a reopening of the trial, at which time it would have been permitted to submit further evidence as to the amount of the original investment; the State was afforded the same opportunity. Both claimant and State saw fit, however, to appeal to the Appellate Division, Third Department, the State upon the ground that the claimant was not entitled to recover at all, or, if it was, only salvage value; the claimant upon the ground that the proper measure of damage should have been reproduction cost less depreciation.
In its decision, the Appellate Division reversed the judgment of this court on the law and the facts, and granted a new trial, holding: “We are in accord with the decision of the lower court that the proper measure of damages for pipes and other property of the claimant located in the streets is original cost less depreciation but set aside and reverse the award as there was no proof of the value of the property and therefore no basis for the amount of damages. On the retrial of the issues both sides should be prepared to submit proof, if they so desire, on the question of damages.” (New Rochelle Water Co. v. State of New York, 9 A D 2d 824.)
In accordance with the ruling of the Appellate Division, the sole purpose of the retrial was the taking of proof as to the quantum of damages, based upon original cost less depreciation. That court has decided that the taking is compensable and that claimant is not limited to recovering salvage value.
Upon the retrial, the parties stipulated that all of the testimony taken, exhibits introduced in evidence, objections taken *430 and motions made on the first trial should be deemed part of the retrial.
On behalf of claimant, Will A. Clader, certified public accountant, testified that he prepared a compilation of original cost less depreciation from the books of claimant which were kept in accordance with the regulations of the Public Service Commission. The witness proved that the net of original cost diminished by depreciation is the sum of $8,123.07. The State introduced no evidence to controvert this proof.
The State introduced evidence, the purpose of which was to show that certain of the facilities of claimant in the Boston Post Road area were not within the area of appropriation as shown on the filed map. This court has held that these facilities were extinguished physically by the State operation in the same manner as were the facilities within the appropriation area and that claimant was entitled to compensation for these items, and the decision of the Appellate Division had coincided with this view.
The State moved to dismiss Claim No. 1 (see 14 Misc 2d 807, 809-813) on the ground that no cause of action lies against the State in appropriation herein. As to this, the court adheres to its decision after the first trial and rejects the State’s contention.
The State contends that the theory of the measure of damages based on original cost less depreciation is inappropriate. In view of the fact that this court has held that such measure of damages is the proper one, and in such view has been upheld by the Appellate Division, this argument of the State is academic at this time.
The State moves also to dismiss the second claim (see 14 Misc 2d 807, 808) on the grounds that there has been no breach of contract on the part of the State and that the Thruway Authority and the Thruway Chairman had no legal authority to bind the State by contract. Further, and in this second trial for the first time, the State moves for a dismissal of this claim, if the court finds that the State breached the contract, upon the ground that the court has no jurisdiction because the Thruway Authority was not named as a defendant.
The court holds these contentions on the part of the State to be without merit. The agreement dated May 7,1952 between the Superintendent of Public Works and claimant, the first supplemental agreement dated February 10, 1953 also between the Superintendent of Public Works and the claimant, which were followed by a second supplemental agreement dated May 9, 1955 between the New York State Thruway and claimant, all related to the second cause of action in the claim and covered *431 the same facilities as are shown in Items 1, 2 and 3 on claimant’s Exhibit 1 in this second trial. These supplemental agreements did not supplant the original agreement but were merely the reflection of conditions found pursuant to the original agreement.
Original cost less depreciation, as to these items, is also included in the total net sum of $8,123.07 hereinabove mentioned.
In its brief, claimant recognizes that it is bound by the ruling of the Appellate Division that recovery on these items is limited to original cost less depreciation. It does not seek also, as contended by the State, to recover contract value on these items. The proof submitted clearly indicates that, rather than asserting its claim upon the afore-mentioned contracts, the claimant has limited itself to the presentation of the original cost of the items involved, less depreciation, in accordance with the decision of the Appellate Division.
The court agrees with the viewpoint of the claimant and awards damages to claimant in the sum of $8,123.07, with interest as reflected in the findings of fact and conclusions of law which have been passed upon simultaneously herewith.
All motions heretofore made by the State on which decision was reserved are hereby denied.
This constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.